**Decided September 13, 1982**

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
COMMONWEALTH TRIAL COURT

RAMON P. SIRILAN and )    CIVIL ACTION NO. 82-237
PURISIMO RAGANOT, )
)
     Plaintiffs, )
)
    v. )    ORDER
)
FRANCISCO C. CASTRO as )
Chief of Immigration and )
Naturalization Office and )
DEPARTMENT OF COMMERCE AND )
LABOR, )
)
    Defendants. )

This matter was brought on for hearing on plaintiffs'
motion for preliminary injunction.  Two forms of injunctive
relief are requested.

The first is to enjoin the defendant Castro from deporting
the plaintiffs pending the resolution of this lawsuit and
(as to plaintiff Sirilan) Civil Action 82-139 styled,
Sirilan v Tenorio, et al.

Due to the fact that there are no deportation proceedings
pending or imminent actions contemplated by defendant Castro

to deport the plaintiffs pursuant to 53 TTC, §62, no preliminary injunction will be entered.

The second is to mandatorily require the Department of Commerce & Labor to issue the plaintiffs work permits so that they may work pending the resolution of this lawsuit.

This action, like some preceding it, poses the perplexing problem of what to do with the work status of aliens who are litigating an issue in the courts after their work permits, issued pursuant to Title 49, are no longer valid.

In this case, the plaintiffs are asking that the court declare unlawful certain labor and immigration regulations that require an alien to leave the Commonwealth after residing here four years and remain out of the Commonwealth for 90 days before re-applying to enter the Commonwealth. See Immigration & Nationality Regulations, Part 11.8(a)3, Commonwealth Register, Vol. 4, No. 3, July 15, 1982 at page 1534.

Both plaintiffs have been in the Commonwealth for over four years and their applications to be re-employed have been rejected by the Labor Department because of the above regulation.

Both plaintiffs assert that pending the resolution of the validity of the Regulation, they will be irreparably

injured because of loss of income which they cannot collect
back from the Government should they prevail. Citing
6 TTC §252(2).

In assessing the merits of a motion for preliminary
injunction, the Court must consider several factors including
the irreparable injury (if any) and the probability of
success of the moving party in the underlying lawsuit. This
"preview" of the merits is, of course, not a binding determination
since at this juncture, the Court has not considered fully
the facts nor the law as the litigation is in its preliminary
stages.

There is little or no doubt that the plaintiffs are
placed in a most difficult, if not untenable, position in
having their income eliminated while awaiting for the resolution
of their claim in this action. Conversely, there is little
or no doubt that the Government loses nothing if the plaintiffs
continue to work pending the lawsuit. Thus, the equities in
so far as the potential or real injury to the parties is
concerned, are strongly in favor of the plaintiffs.

As indicated at argument, the plaintiffs are in different
positions. Plaintiff Raganot bases his claim to stay in the
Commonwealth because he will be entitled to U.S. citizenship
pursuant to §301(c) of the Covenant to Establish a Commonwealth
of the Northern Mariana Islands in Political Union with the

United States of America (Covenant). Plaintiff Sirilan does not have such a claim since he has not fulfilled the requirement of at least being able to claim that he was domiciled in the Commonwealth before January 1, 1974. Sirilan, in his Civil Action 82-139, bases his claim to stay in the Commonwealth on the Permanent Residency Statute, Public Law 5-11

The court has considered the authorities presented by the parties and it is clear that the plight of the plaintiffs in this case does not fit into the everyday garden variety of a claimed irreparable injury. In this case, overriding circumstances prevail over the usual application of injunctive principles.

These overriding circumstances are the very real deprivation of a right to survival of the plaintiffs while they attempt to have their claim litigated in this court. The court has already indicated to counsel in this case and previous cases that so long as an alien actively and in good faith prosecutes a non-frivolous lawsuit in this jurisdiction, he will not be required to leave. If deportation proceedings are instituted, a stay of execution of same will be granted.

The court has concluded that it would be hypocritical and self-defeating to deny to an alien the means to support himself or herself pending the resolution of a lawsuit which the court acknowledges the alien has a right to prosecute.

315

The solution is not to issue a mandatory injunction requiring the Department of Labor to issue a work permit. This is primarily because the interests of a third party, the employer, are not represented here nor is the intent or desire of the employer known to the court. Obviously, this court can't require a non-party employer to hire the plaintiffs.

The equity powers of a court are broad in scope and should not be restricted because a particular case does not fit into a conventional mold. In this case, the court exercises its discretion in fashioning a remedy which will, pending the resolution of the case, provide the plaintiffs with an opportunity to support themselves while availing themselves of a basic due process right in having their case heard in due course without the oppressive result of having no funds or resources to survive to the final decision by the court.

IT IS THEREFORE ORDERED THAT:

1. The plaintiffs may seek and obtain employment in the Commonwealth pending the resolution of this lawsuit without the requirement of having a formal work permit issued by the Department of Commerce & Labor.

2. This temporary order will not relieve any prior employer of obligations imposed by contract or law such as

paying the repatriation costs of either or both plaintiffs.

3. This order is subject to review, vacation, or amendment should circumstances arise which make this order inappropriate.

4. The defendants, their agents and employees are enjoined, so long as this order is in effect, from interfering or in anyway preventing the plaintiffs from seeking and obtaining employment allowed pursuant to this order.

5. If the plaintiffs obtain employment pursuant to this order, no adverse legal or factual implications are to be derived therefrom in so far as the labor and immigration laws, rules and regulations of the Commonwealth are concerned.

6. The plaintiffs, Ramon P. Sirilan and Purisimo Raganot may use this order in lieu of a work permit to demonstrate their ability to seek and obtain employment.

7. Any employer who hires either or both plaintiffs pursuant to this order shall suffer no adverse implications therefrom so long as the terms of this order are complied with.

8. The specific terms of this order are:

(a) The plaintiffs' employment shall be for a

term no longer than the effective term of this order or any future orders in this matter.

(b) The employer shall comply with all other applicable provisions of law relating to the hiring of non-resident workers.

(c) Upon hiring the plaintiffs, the employer shall immediately notify the Department of Commerce & Labor and specify that the hiring is pursuant to this order, acknowledge that the hiring complies with this order and succinctly set forth the term, wages, and other conditions of employment.

(d) Such other terms as the court may add as circumstances arise.

9. This order is subject to vacation should plaintiffs fail to diligently prosecute this action.

10. Should this order be vacated as to either plaintiff, the respective plaintiff shall immediately stop any employment and the employer shall pay the plaintiff wages due to the time of termination.

11. No bond or security is required of the plaintiffs.

Dated at Saipan, CM, this 13th day of September, 1982.

_____
Robert A. Hefner, Chief Judge